Flowerdew v. Lambeth.

No. 22,036.

FRED FLOWERDEW, *Appellant,* V. ALBERT LAMBETH, *Appellee.*

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Action to Recover Landlord's Share of Crops.* Upon an issue as to the quantity of corn delivered by a tenant to his landlord, the evidence is held to have been sufficient to support the verdict.

Appeal from Cheyenne district court; WILLIAM S. LANG-MADE, judge. Opinion filed June 7, 1919. Affirmed.

*J. L. Finley,* of St. Francis, for the appellant.

*E. E. Kite,* of St. Francis, for the appellee.

The opinion of the court was delivered by

MASON, J.: Fred Flowerdew rented a farm to Albert Lambeth, who agreed, among other things, to give him one-third of the grain crop. Flowerdew sued Lambeth, alleging his failure to perform this and other agreements. A jury trial resulted in a verdict for the defendant, on which judgment was rendered, which is now appealed from.

Other issues were involved, but the plaintiff contends that, however they may have been determined, he was entitled to a recovery because the undisputed evidence showed that, while the defendant was required to deliver to him at least 646 bushels of corn, he had in fact received only 475 bushels. The plaintiff pleaded that the corn crop amounted to 3,000 bushels, of which he had received but 500. The defendant pleaded that he had raised only 1,800 or 1,900 bushels and had delivered 640 to the plaintiff. The plaintiff introduced various estimates of the yield, but relies specifically upon evidence that the defendant had himself used or sold 1,292 bushels of corn raised on the place. This would indicate a total crop of 1,938 bushels, which is not materially in excess of the defendant's figures. Therefore, the controversy here does not concern the amount of corn raised, or the amount retained by the defendant, and the only question to be determined is whether the evidence compelled a finding that the defendant failed to deliver one-

third of the crop to the plaintiff. The judgment must be affirmed unless it was conclusively established that the plaintiff received less than 646 bushels.

The corn which the plaintiff received was delivered to him by the defendant by being placed in two cribs on the farm. The defendant testified that a division of the corn was made in the field, and that he did not get more than his share; that 351 bushels were put into one of the plaintiff's cribs, which was made out of boards; and that the other crib, which was made of upright slats wired together, was filled; and that this slat crib originally held 500 bushels, but its capacity had been diminished by its being "lapped" to cover places where slats had been broken. This evidence was somewhat indefinite, the extent to which the size of the crib had been reduced not being indicated; but if the reduction amounted to as much as 200 bushels, the contents of the crib would still be 300 bushels, and this, with the defendant's estimate of 351 bushels in the board crib, would have left him some margin. This estimate was larger than the result of a measurement by one of his own witnesses, but he was not absolutely bound by any testimony but his own.

The plaintiff undertook to account for all the corn in the two cribs by a showing, corroborated by other witnesses, of the contents, totalling 475 bushels, of a number of loads hauled away at different times. Whether these loads actually comprised all the corn that the defendant had placed in the cribs was a matter to be determined by the triers of the facts. This court cannot say that the jury was compelled to give credence to evidence merely because it was not specifically contradicted. Granting that a strong argument is made in behalf of the plaintiff upon the facts, we cannot find in it a basis for a reversal.

The judgment is affirmed.